UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

RONELLE PENHOLLOW,

                Defendant.
_____

**DECISION AND ORDER**

24-CR-122-RJA-JJM

        Defendant Ronelle Penhollow is charged in a two-count Indictment [10][1] with two instances of possession with intent to distribute five or more grams of methamphetamine in violation of 21 U.S.C. §§841(a) and 841(b)(a)(B). Before the court is Penhollow's motion seeking suppression of an out-of-court identification ([38] at 1-3) and for a bill of particulars ([33] at 5-6),[2] which has been referred to me by District Judge Richard J. Arcara for initial consideration [12]. Having considered the parties' submissions [33, 36, 38, 44], for the following reasons the motion is granted in part and denied in part.

**DISCUSSION**

**A.    Bill of Particulars**

        Fed. R. Crim. P. ("Rule") 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to the CM/ECF pagination.

[2]     Penhollow's attorney indicated at oral argument on May 27, 2025 [45] that the remaining issues raised in his motion [33] had been resolved.

double jeopardy should he be prosecuted a second time for the same offense". United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999). "[T]he burden is upon defendants to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights". United States v. Duarte, 2014 WL 29366, *1 (W.D.N.Y. 2014).

A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense". United States v. Henry, 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994). Penhollow seeks several items of information to be set out in a bill of particulars, including whether he is being charged as a principle or accomplice, the location of the alleged transactions, particulars about the recording device used by the confidential informant, names of witnesses, the purity of the controlled substances in question, and other follow-up questions relating to voluntary discovery. [33] at 5-6. The government argues that a bill of particulars is unnecessary in light of the indictment, provided Rule 16 discovery, and early Jencks materials, including law enforcement reports detailing the two controlled purchases. [36] at 3-4. Penhollow did not address those arguments in reply, and defense counsel argued at oral argument merely that a bill of particulars would be "helpful". Oral Argument [45].

"In deciding a motion for a bill of particulars, the important question is whether the information sought is necessary, not whether it is helpful." United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002). "The government is not required to answer a 'set of detailed interrogatories in the guise of a bill of particulars' when extensive discovery has been provided

-2-

and the indictment is neither vague nor indefinite." United States v. Turnquist, 2022 WL 1913593, *3 (W.D.N.Y. 2022) (citations omitted). Penhollow's requests here call for disclosure of legal theories, witnesses, and other general investigative information, which are not proper subjects for bills of particulars. *See* Henry, 861 F.Supp. at 1197. The straightforward Indictment, as supplemented by the law enforcement reports, sufficiently puts Penhollow on notice of the details of the alleged conduct. *See*, *e.g.*, United States v. Machado, 986 F. Supp. 2d 288, 293 (S.D.N.Y. 2013). Therefore, his motion for bill or particulars is denied.

**B.     Wade Hearing**

Penhollow also objects to law enforcement's use of a photograph to conduct a "single photo show-up" with the confidential informant, which he claims is an impermissibly suggestive out-of-court identification procedure. [38] at 1-2.[3] He requests a hearing pursuant to United States v. Wade, 388 U.S. 218 (1967), to determine whether the out-of-court identification was the result of an impermissibly suggestive procedure, and if so, whether the identification is irreparably unreliable. [38] at 2-3. The government opposes the request for a Wade hearing, arguing that the confidential informant's in-court identification will be based on an "independent basis in memory". [44] at 2. In the alternative, the government requests that any Wade hearing be deferred until trial, so as to the protect the identity of the confidential informant. [44] at 4, n.1.

The Supreme Court and Second Circuit have recognized that suppression of a witness's in-trial identification may be required where the witness's pre-trial identification "was both produced through an unnecessarily suggestive procedure *and* unreliable". United States v. Gershman, 31 F.4th 80, 92 (2d Cir. 2022) (citations omitted) (emphasis in original). The use of a

---

[3]     At the time of his initial motion, Penhollow represented that he was not in possession of discovery in connection with the out-of-court identification. [33], ¶14. He more fully briefed his motion to suppress this identification in reply [38], to which the government has filed a sur-reply [44].

Case 1:24-cr-00122-RJA-JJM   Document 46   Filed 05/27/25   Page 4 of 4

single photograph for an initial out-of-court identification has been "consistently condemned . . . as a suggestive practice". Wiggins v. Greiner, 132 F. App'x 861, 865 (2d Cir. 2005). However, court have still allowed such witnesses to make in-court identifications "where there is an independent basis for reliable identification". United States v. Sosa, 2018 WL 4659472, *2 (S.D.N.Y. 2018). Such independent basis may derive from the circumstances of the witness's observation of defendant or from the witness's past relationship with defendant. See id.

The government states that "the confidential informant in this case will identify the defendant based on their personal interactions and independent memory". [44] at 3. While the government may, in some instances, be allowed to proffer an independent basis without submitting affidavits (see [44] at 2-3), here, the government has given the court insufficient information to assess that basis. Therefore, a Wade hearing is required. See, e.g., United States v. Chandler, 164 F. Supp. 3d 368, 383 (E.D.N.Y. 2016) ("[a] request for a Wade hearing is generally granted where 'any question is raised concerning the suggestibility of the identification procedure'").

Nonetheless, in deference to the government's concerns about the witness's confidentiality, I will grant its alternative request ([44] at 4, n.1.) to hold the hearing in abeyance until trial. See United States v. Eladio Garcia, 1:23-cr-118-JLS, Text Order [181].

## CONCLUSION

For these reasons, Penhollow's motion [33] is denied as to a bill of particulars and granted as to a Wade hearing, with such hearing to be held in abeyance until time of trial.

Dated:  May 27, 2025

                                       /s/ Jeremiah J. McCarthy
                                       JEREMIAH J. MCCARTHY
                                       United States Magistrate Judge

-4-